IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDISON ARTHUR STURGESS,** : | |
|     Petitioner : | |
| : | No. 1:22-cv-419 |
| v. : | |
| : | (Judge Kane) |
| **HECTOR JOYNER,** : | |
|     Respondent : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which pro se Petitioner Edison Arthur Sturgess ("Sturgess") challenges a disciplinary sanction that was imposed during his incarceration. Respondent has filed a suggestion of mootness, asserting that the case is moot because Sturgess has been released from custody. For the reasons that follow, the Court will dismiss the petition as moot.

I.      BACKGROUND

On April 23, 2021, Sturgess initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, seeking to challenge a disciplinary sanction that was imposed while he was in the custody of the United States Bureau of Prisons ("BOP"). (Doc. No. 1.) The case was subsequently transferred twice, first to the Northern District of Georgia, and then to this district. (Doc. Nos. 9, 14.)

On April 19, 2022, Respondent filed a suggestion of mootness, noting that Sturgess was released from federal custody on February 4, 2022 and asserting that his petition is therefore moot. (Doc. No. 20.) The Court issued an Order on April 21, 2022, requiring Sturgess to respond to the suggestion of mootness on or before May 23, 2022. (Doc. No. 22.) Sturgess has not responded, and mail to him has been returned as undeliverable.

**II.     DISCUSSION**

Article III of the Constitution limits federal judicial power to actual cases or controversies. A case is moot when it no longer presents a live case or controversy. See, e.g., Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020). A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing Defoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Habeas corpus petitions challenging prison disciplinary sanctions also generally become moot when the petitioner is released from custody. See Scott v. Holt, 297 F. App'x 154, 156 (3d Cir. 2008).

For a petitioner to obtain judicial review of his habeas corpus petition after he has been released from custody, the petitioner must show that he "continues to suffer from secondary or collateral consequences." See Abreu, 971 F.3d at 406 (citing Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001)). Collateral consequences are presumed when "the defendant is attacking his conviction while still serving the sentence imposed for that conviction" or when "the defendant is attacking that portion of his sentence that is still being served." See Burkey v. Mayberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Petitioners challenging the loss of good conduct time who have served their complete term of imprisonment, on the other hand, generally cannot show collateral consequences arising from the loss of the good conduct time. See Scott, 297 F. App'x at 156.

In this case, Sturgess's petition challenges a disciplinary sanction that was imposed during his federal incarceration and therefore cannot establish collateral consequences. (Doc. No. 1.) As the Third Circuit explained in Scott, petitioners who have served their complete terms of imprisonment

cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, "the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, the good time earned during that period is of no further effect."

See Scott, 297 F. App'x at 156 (internal alteration omitted) (quoting 28 C.F.R. § 2.35(b)). Moreover, Sturgess has not asserted any collateral consequences that he continues to suffer, despite the Court giving him a specific opportunity to do so. Accordingly, Sturgess has failed to establish collateral consequences, and his petition is moot.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss this case as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
